JOHN C. WRIGHT v. SAMUEL WILLIAMS.

EXECUTION SALE. *Rents.* The purchaser of land at execution sale, which is not redeemed, is entitled to the rents during the two years allowed for redemption, as against the debtor in possession, although the purchaser fail to obtain the sheriff's deed until after the expiration of the two years.

### FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

TREWHITT & TREWHITT for complainant.

KEY & RICHMOND for defendant.

COOPER, J., delivered the opinion of the court.

On October 5, 1874, under an execution in favor of complainant against the defendant, a tract of land was sold by the sheriff as the property of defendant, who was in possession, and complainant became the purchaser. There were negotiations between the parties in relation to the redemption of the land by the debtor, but these negotiations failing, the sheriff, on January 10, 1877, conveyed the land by deed to the purchaser, and shortly thereafter the defendant surrendered possession of the land to complainant. This bill was filed, May 24, 1877, to recover the rents accruing after the sale, and for other purposes not necessary to be noticed. The defendant, in his an-

Wright *v.* Williams.

swer, admits that he received the rents for 1875 and 1876, but denies complainant's right to them because he had not procured the sheriff's deed, nor demanded possession, nor claimed the rents, but permitted defendant to remain in possession of the land until sometime in 1877, "when respondent yielded the possession upon complainant's breach of the contract to allow him to redeem the land." The chancellor gave the complainant the rent which accrued after the expiration of the two years allowed for redemption up to the defendant's surrender of possession, but refused to allow a recovery of the rents during the two years. The complainant appealed.

A purchaser of land at execution sale has the equitable title before receiving the sheriff's deed: *Rose* v. *Rose*, 6 Heis., 533. And the sheriff's deed when executed relates to the date of sale, when it does not go back to the levy or the judgment: *Garner v. Johnston*, Peck, 24; *Wood* v. *Turner*, 7 Hum., 519. The purchaser becomes absolute owner of the land by virtue of the sheriff's deed, may recover immediate possession, and is entitled to the rents: *Lowry* v. *Mc-Durmott*, 5 Yer., 225; *Kannon* v. *Pillow*, 7 Hum., 281; *Rogers* v. *Cawood*, 1 Swan, 148. The debtor's possession after the sale is consistent with the title of the purchaser, under whom he holds as quasi-tenant at will until an actual disclaimer: *Mitchell* v. *Lipe*, 8 Yer., 179; *Vance* v. *Johnson*, 10 Hum., 221; *Keaton* v. *Thomasson*, 2 Swan, 138; *Thomasson* v. *Keaton*, 1 Sneed, 155. The purchaser may receive the debtor as his tenant by contract: *Burk* v. *Bank*, 3 Head,

687. If the debtor disclaim the title of the purchaser, the latter, it has been held, cannot sue for the rents until he has recovered possession of the land: *O'Donnell* v. *McMurdie,* 6 Hum., 134. Whether this be sound law or not, if there be no disclaimer, and *a fortiori* if there be a recognition of the purchaser's title by a surrender of possession, the purchaser may recover the rents by an action for the use and occupation: *Elder* v. *Henry,* 2 Sneed, 81; *Kannon* v. *Pillow,* 7 Hum., 281.

In this case, there has been no disclaimer by the defendant of the complainant's title. On the contrary, he recognized it by negotiating for the redemption of the land, and by the surrender of possession to him. The right of the purchaser to the rents upon the principles of the common law is not disputed. The defendant resists the claim for the rents during the two years allowed for redemption upon the ground that they are given to him by the Code, sec. 2135, and that complainant had not obtained the sheriff's deed. That section does say: "The debtor, permitted by the purchaser to remain in possession shall not be liable for rent from the date of the sale to the time of redemption; and if the purchaser, or his assignee, take possession under his purchase, upon redemption by the debtor, he shall have a credit for the fair rent of the premises during the time they were in the purchaser's possession." The meaning of the section is plain. If the debtor in possession redeem the land, he shall not be liable for rent up to the time of redemption, when he again becomes the absolute

owner, and if the debtor who is out of possession re-deem, he shall recover rent from the purchaser in possession. It was not intended to affect the rights of the parties to any greater extent. If the purchaser go into possession, and the land be not redeemed, he is entitled to the rents because he became the owner of the land by the sale, and that ownership has not been interfered with. But he is equally the owner of the land from the time of sale, if it is never re-deemed, although he may not be in possession, and it is ownership which gives the right to the rents and profits of land. The debtor has no interest in the land after the sale unless he redeem, and, as a consequence, no claim to the rents and profits.

The equitable ownership of the purchaser after the sale and before the execution of the sheriff's deed, like the ownership of a purchaser by title bond, car-ries the right to rents and profits, and, as we have seen, the sheriff's deed relates back to the sale.

The chancellor's decree will be reversed, and a de-cree rendered here in favor of the complainant for the rents in controversy, with costs.